[Civ. No. 11990.   First Dist., Div. Two.   Jan. 26, 1942.]

ANGIE V. GALE, Appellant, v. WILLIAM V. GALE, Respondent.

John E. McCall, Roland T. Williams and Alfred B. Hunter for Appellant.

Nat A. Rosenstein for Respondent.

McWILLIAMS, J. pro tem.—This is an appeal from a judgment rendered in favor of the defendant and cross-complainant. The principal questions involved are whether or not the trial court abused its discretion in refusing a continuance of the trial by reason of the absence of the appellant and, subsequently, in refusing a motion for a new trial based on the same ground. The respondent following the service upon him of a complaint for divorce promptly filed an answer in which he denied all the allegations of the complaint including the allegation of the marriage of the parties. The case was originally set for trial for April 17, 1940. By reason of the illness of the appellant the trial was continued to April 30. On that date appellant's attorney presented to the

court a telegram received by him from one Frank T. Doyle, an attorney in New Orleans, in which city Mrs. Gale was then residing, which telegram stated that appellant was still ill and suggested that the action be dismissed without prejudice and re-filed when appellant had recovered. Pursuant to the suggestion the case was dropped from the calendar.

On October 24, 1940, an amended answer and also a cross-complaint were filed on behalf of respondent. The cross-complaint alleged that the appellant and cross-defendant was claiming to be the wife of the cross-complainant and that her claim was without foundation although conceding that the parties had lived together over a period of years. This had occurred, according to the pleading of respondent, in California and Louisiana which states do not recognize common-law marriages. The cross-complainant asked for a declaratory judgment decreeing that the parties were not and never had been husband and wife, and enjoining appellant from using the name of Angie V. Gale in which name she had brought suit. Cross-complainant also asked that his title be quieted to certain real and also to personal property including the sum of approximately $13,000 in cash, most of which property, both real and personal, stood in the names of the parties in joint tenancy. An answer to the cross-complaint was filed on December 2, 1940. On December 12, respondent and cross-complainant filed a notice of motion to set the case for trial. On December 19, appellant's attorney, Roland T. Williams, filed a notice of motion for an order permitting him to withdraw as her attorney. The notice of motion was supported by an affidavit in which he recited the history of the litigation. The affidavit also set forth the fact that since the case had been dropped from the calendar on April 30 of that year he had received no word from his client, although numerous letters and telegrams had been sent by him to her. On November 28, affiant said, he wrote to Attorney Doyle at New Orleans requesting his cooperation in securing answers from appellant to his letters. On November 28, the affidavit recited, affiant wrote to one Leo W. Seal, a resident of Mississippi and the brother-in-law of the appellant, informing Seal of the urgent necessity of cooperation by her. This message, according to a reply which Williams said he had received from Seal on December 7, was delivered to appellant.

At the hearing of the motion to set, an early trial date was requested. The court's attention was called to the notice of

motion of Attorney Williams to withdraw from the case and to the fact that that motion had been set for hearing on January 19; also to the fact that plaintiff was still residing in New Orleans and to the resulting difficulty of effecting service on her in the event that Williams' motion was granted. The possibility was also explained to the court of Dr. Gale, respondent, being called into service in the medical corps of the army owing to his having theretofore held a commission in that corps. The case was thereupon set for trial for January 3. Notice of trial was sent to Attorney Williams by mail on December 23. The notice was received by him on the following day. On December 26, Williams telegraphed to his client in New Orleans that the case was set for trial for January 3, adding "Advise at once."

When the case was called for trial on January 3, Attorney Williams asked for a continuance on the ground of the absence of appellant. He supported his application with a telegram received by him from Attorney Doyle of New Orleans which merely stated that it would be impossible for Mrs. Gale to be in California until April or May but giving no reason therefor, and inquiring whether it would be possible to have the case dismissed without prejudice. The request for a continuance was denied and the case proceeded to trial. The taking of testimony began on Friday, January 3, and was concluded on Tuesday, January 7. At the conclusion of the trial and before the final submission of the case, counsel for Mrs. Gale requested a continuance for the purpose of taking her deposition and also the deposition of Mr. Seal. The motion was denied on the ground that appellant had had ample opportunity to take the depositions prior to the trial. Judgment was rendered in favor of respondent and cross-complainant on January 16. By its decision the court found, and by its judgment decreed, that the parties were not and never had been husband and wife. It also found and decreed that there was no community property, and that with one minor exception appellant had no right, title or interest in or to any of the real or personal property described in the cross-complaint.

A motion for a new trial was thereafter made by appellant. It was supported by a number of affidavits, including affidavits by appellant and her physician, to the effect that between December 20 and the 31st she had been ill and confined to her bed, and that by January 1 she was only well

enough to call at the residence of Attorney Doyle, who lived across the street from her, for the purpose of apprising him that her case was set for trial for the following day. The showing made by appellant with respect to her illness was uncontradicted by respondent, whose reply affidavit was limited in its scope to a consideration of the history of the litigation. The motion for a new trial was denied. This ruling appellant assigns as error.

We are of the opinion that no sufficient showing of abuse of discretion by the trial court has been made, either in its denial of the continuance requested or in the denial of the motion for a new trial, as to justify the interference of this court. In so holding we have in mind that in divorce actions courts are liberal in granting continuances because of the interest of the public in preserving the integrity of the marriage status. But the law also requires that parties be held not only to the exercise of good faith but also to the exercise of due diligence. (*Barnes* v. *Barnes,* 95 Cal. 171, 179 [30 Pac. 298, 16 L. R. A. 660].) The situation must be considered in the light of appellant's complete lack of interest in her case as that lack of interest is shown in the affidavit of her own attorney offered in support of his application for leave to withdraw from the case and which, we may assume, the court took into consideration in passing on the motion. Moreover even though appellant by reason of her illness may not have had the opportunity to have made a proper showing for a continuance on the day her case came on for trial on January 3, it would appear that such showing could, by the exercise of reasonable diligence, have been made before the taking of the evidence was concluded on January 7. Had a proper showing been made by that time it may reasonably be assumed that the court would have granted a continuance since the law only requires that an application for a continuance be made at the earliest practicable date.

With respect to the denial of the motion for a new trial we are also of the opinion that no showing has been made that will justify us in interfering with the action of the trial court. Since, as pointed out above, appellant could have made a proper showing for a continuance before the trial was completed, we cannot say that the court abused its discretion in denying a new trial after appellant had failed to take advantage of that opportunity.

■ Certain relatively minor contentions are also advanced by appellant. Thus she claims that the court erred in enjoining her from using the name in which the action was originally begun by her. Since the cross-complaint expressly asked that appellant be enjoined from assuming or using the name of Angie V. Gale as well as asking for general equitable relief, we are of the opinion that, in view of the state of the pleadings and the circumstances shown on the trial, no reversible error was committed by the trial court in granting this relief.

With respect to the status of the property referred to in the pleadings which was decreed to belong to respondent, the question whether or not it was his separate property was a matter to be determined by the trial court which heard the testimony. With its conclusion on that subject we may not interfere.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 23, 1942. Traynor, J., voted for a hearing.